Good morning. You are Mr. Wilkerson? I am. Good morning, sir. You may proceed. Good morning to you. May it please the Court. Despite the fact that Mr. Williams admitted that the facts in the affidavit regarding the theft of check 1977 were true, and despite the fact that the neutral and detached magistrate found that probable cause existed, this case is now before you because we lost the motion for summary judgment. The reason the district court gave for that denial of summary judgment was based on three facts were allegedly omitted from the probable cause affidavit. However, those facts are not entirely in the record, and some of them were actually included in the affidavit. I'll start first with the exoneration of Mr. Williams. Mr. Williams's attorney says that the city council determined that, quote, his honesty was beyond question, and in his brief said that the council publicly decided that Williams was not being dishonest and that no theft had occurred at all. The court quoted that language, or much close to that language, saying that the city council, quote, determined that he committed no wrongdoing and that he needed only repay the money. The record does not reflect that. What the record says happened is that the mayor's testimony was that Brad, Mr. Williams, gave his explanation. The city council ordered the money to be repaid, and, quote, it was just a done deal and we moved on. There's no pronouncement of honesty. There's no pronouncement that no crime had occurred. It was simply the council saying, all right, you paid the money, let's just move on. As for the repayment of the money, admittedly Mr. Williams repaid the money. However, when he was first confronted about the, I'll call it the theft, he denied it and said he wanted paperwork to prove that he had done it. It wasn't until after he was confronted by the city council and ordered to repay it that he finally repaid the money. So that fact, too, is not exactly as Mr. Williams' counsel would like you to believe. Finally, the offering of an excuse. The district court said that the offering of an excuse was not in the affidavit. It is absolutely in the affidavit. In fact, Mr. Williams is quoted in the affidavit saying, she says, your written statement to me indicated, quote, I honestly didn't know I had even lost check number 1977. So the excuse is in the affidavit, yet the district court said that those facts were omitted and thus negated probable cause. Now as far as the legal side of what an alleged exoneration, the repayment of the money, and the excuse means to this case, the exoneration, which in reality was maybe at the best not wanting to press charges, the council never said no crime. The council, while it does represent the city, it was the citizens of the city. Just like the city council is a member of the city. So if the city council is the victim, which I attest legally the state is, in actuality I would proffer that the citizens are, if the city council is the victim as well, so is the chief of police. He's the one obligated to enforce the laws. So when his money was stolen, he filed charges. The fact that the argument that a mayor can dictate who is and who will not be charged violates I think what we can all agree is a pretty fundamental aspect of this government, it's the separation of powers. If you allow mayors to dictate to chiefs of police who can and cannot be charged, you eliminate that separation of powers. Ray Nagin, for instance, is going up, I think he went to the prison yesterday, former mayor of New Orleans. How do we know that the federal separation of powers principles apply to this city government? Fair enough. I think my point is that there's... Many, many local governments it doesn't apply at all. Yes, but the check and the balance in this situation is not the mayor dictating to the chief what he can do. The check and balance under state law is that the mayor can fire and hire the chief at his discretion. That's the check. The check under state law is not the mayor taking over police powers from the chief of police. That's not statutorily accurate. He can't do that. But so the point, the entire case is based on Mr. Williams and the mayor being close friends. So... Do you agree with the district court that a bad motive is relevant in considering omission of facts in a warrant affidavit? I fully agree, but it's one of two elements. The first element is whether there was bad intent. I'm not arguing that there wasn't. I mean, I argue that there isn't, obviously. But there's separation. There's clearly a question... There could be a trial on that. Absolutely. But the second element is whether or not the facts that were omitted would have negated probable cause. The exoneration by a city council, who is not a fact witness, by the way, only an opinion witness, who had the same facts that the chief had, the same facts that the judge had. They decided that a crime didn't commit, wasn't committed. The chief decided otherwise. The judge decided otherwise. So this is not as if the city council was there watching him take the money and said, oh wait, that's a mistake. They made an opinion. They made a judgment call, just like the police officer, just like Chief Walters is allowed to do. Now Nolan v. State is fairly informative on this. In Nolan v. State, the prosecutor had that if he repaid the money, or I think returned the refrigerator is one of the things he stole, if he returned the refrigerator and the victim decided not to press charges, then they would drop the case. The judge, however, the criminal judge, says no. We're going to go to trial. Mr. Nolan was convicted. And on appeal, the State Court of Appeal said, it's still a crime. He was convicted rightfully. So the fact that there was an exoneration or not wanting to I remember in criminal law 101, which wasn't called that, but in criminal law, the theft occurs at the time of the taking. If I reach into your in your back pocket and take your wallet, that's the theft. The fact that I repay it to return it to you 30 minutes later, one minute later, 30 seconds later, does not negate the fact that I stole your wallet. It's the same that's true here. As for the excuse, it was in the affidavit. I'll remind you of that. But cops make judgment calls. This is a judgment call. And there's no requirement that the excuses that a criminal gives to the police officer that the police officer has to say, well, yeah, you're probably right. Just go on about your business. Now, I found a case actually two days ago that I'll supplement with a 28-J letter out of the Ninth Circuit from just last year, year before last, in which it's Connor v. Hyman, 672 F. 3rd, 1126, where the district court decided, ruled that no mens rea had occurred when a criminal defense, well, the plaintiff in this is a civil case, received an overpayment, I think at a casino. And the district court said that his actions after he got the repayment indicated that he was innocent. The district court ruled that way, just like the district court in this case ruled. The Ninth Circuit, however, said no. No, no, no. A crime had occurred, or at least probable cause that a crime had occurred, because the plaintiff was overpaid, just like Mr. Williams. It was obvious that he was overpaid, just like Mr. Williams, who, by the way, the check would have had a date of a year previously, and since he gets paid bimonthly every two weeks, the fact that he cashed a check means that he would have cashed two checks in two weeks. That's obviously a mistake, or obviously that he should have known that this check was the one that he had lost a year ago. And then when the employees informed Mr. Conner that he had been overpaid, he too, like Mr. Williams, responded defensively. Based on that, the Ninth Circuit said no reasonable cause. What was the time gap on Conner? I think it was the same day. The time gap between the employees confronting him. The cashing of the second check, or the overpayment. Oh, yeah. It was right there on top of each other. It was... Here's one year. It was one year. Maybe that's terribly significant. Perhaps, but he would have cashed two pay period, two checks in the same pay period, for the first time in his career. And he admitted that. I mean, it's unusual. The date on the check was a year previously. No. You're missing the point. The point is whether he could have a... It was not criminal, or at least there should be more evidence of probable cause to believe a crime, because it is quite plausible to forget. May very well be. That you got a second check because this one had been lost, and you cashed the second check. I mean, that's the essence of this one. And the City Council agreed with you. To me, the probable cause, whether the omitted facts, including the blue lights incident... Never dispute a fact. Pardon? I'll dispute it. I'll concede that first. Well, I know, but if it's true that there were omitted facts regarding the blue lights, and omitted facts regarding the entire scenario of the second check, the question is, would a thoughtful magistrate have said, I need more probable cause? Perhaps. But the argument I'll make is that the repayment is irrelevant to whether a theft occurred. The exoneration never occurred. No, but you were arguing that, you know, once he cashes the second check, it's theft, period. And I'm saying, no, not if it's an honest mistake, and the one-year time gap could have, with more evidence of malice by Mr. Williams, or more disclosure of what he was withholding, the magistrate could have decided, this isn't enough to start a criminal case. But that excuse is in the affidavit. I know, but the rest of it wasn't. Yeah, but the exoneration has no bearing on whether probable cause existed, and the repayment doesn't matter whether... You know, it's irrelevant to a magistrate that all of the governing officials of the city did not consider this worth pursuing, because one police officer says, issue a warrant. I'm not saying it's irrelevant to that judge as a person. I'm saying it's irrelevant to the law. And whether or not the magistrate would have done something different is not the issue. Yes, it is. You argued that it did. That's the second element of the... Yeah, but it's not that magistrate. Is it? Well... The issue is whether... It doesn't negate probable cause. That's the question. I'm talking about a hypothetical magistrate. I have no idea if this was a man or a woman who experienced it or not. I'm talking about the magistrate who is not given all the facts, but is simply told that a year later he criminally cashed the second check. But the question is, does the exoneration negate probable cause? Does the repayment negate probable cause? That's only one of the things you've argued. I'm... That is the thing I'm arguing, yes. I mean, I agree. There's several other elements. The second prong you said is, would the omitted facts have been relevant to probable cause? Yes. And I'm saying clearly so. Okay. Well, I... I mean, why not clearly so because of the one-year time gain? Because I don't... It's not exoneration. It's that nobody else, except Officer Williams, thought this was criminal. That's not in the record that nobody thought it was criminal. That's the point I made initially. All right. I have one final question. Sure. What case gives us jurisdiction in a qualified immunity interlocutory appeal to take up the state law claims which you claim fail or are entitled to summary judgment for a myriad of reasons? Well, the fact that the district court took supplemental jurisdiction. This is an interlocutory appeal. We have a gazillion cases... Sure. ...saying that our jurisdiction is limited to the issue of qualified immunity. I see what you're saying. Most lawyers simply miss that. Well, I... Unless you've researched and just didn't put it in the brief, I think we clearly don't have jurisdiction for what I've listed as your issue, too. Well, I can't cite to a case... I guess my thinking was that since they were so intertwined that the whole thing goes up. That's what I was thinking. I can't point to any... But they're multiple state offenses, and they're not all intertwined with the warrant. Well, I think probable cause, though, goes to each of their defenses. The issue of probable cause. If probable cause is found, I think all of the... Well, if you haven't studied City of Blue Springs and our many other cases on this question, you missed that one. Okay. I'll reserve the rest of my time. It doesn't mean that, you know, there's just been a denial of summary judgment if the case goes on, as the state claims, at least. City of Blue Springs? I'll take a look at that, too. There's a Supreme Court case called Jones, which taught us all this lesson. Well, I guess not me. It overruled some of our cases and said, you don't have as broad jurisdiction as you thought. Well, like I said, I just assumed supplemental jurisdiction, the fact they're intertwined. That's what I was thinking. So I'll reserve the rest of my time. You're not alone in that. Good morning, Your Honor. Good morning, Your Honor. My client, Mr. Williams, went in front of the people who represent the city of Alexander, and he was exonerated. They did feel that he had done nothing wrong, and the mayor wrote him a letter that's in the record asserting such. And this chief of police maliciously, and we are arguing that this was a malicious act, maliciously went to a magistrate and left that point out of his argument, of his affidavit. Left the point out. Okay? I didn't know the chief of police went to the magistrate. The chief of police filed an affidavit for a warrant, and that went in front of the magistrate. The prosecuting attorney, I mean, the question is whether it would have mattered to the magistrate. It certainly mattered to the prosecuting attorney, because they dropped the charges immediately upon finding out that all this had happened. I think we can presume that the magistrate, that it would have mattered to the magistrate, that this information that the chief left out of his affidavit. This had occurred months earlier. The chief, not only was there a year in between cashing the checks, the chief knew about this months before he went to the magistrate for a warrant. And the city's argument, I'm sorry, the defendant's argument, is based on the, a magistrate having all of the information. And this magistrate just didn't, just didn't have all the information, because the chief, in both the issue on the checks and the issue on the blue light, maliciously left the information out. The defendants argued that the chief decided otherwise and the judge decided otherwise. The judge didn't decide anything except that based on the information that was before him, he thought there was probable cause to move forward. But there wasn't enough information before him. What part of Arkansas is Alexander in? What part of Arkansas? It's just south of Little Rock, right there in central Arkansas. It's a very, very short leap down to Alexander from Little Rock. And to broaden the argument out a little bit, by the defendant's argument, I mean in a hypothetical, in a real world hypothetical, this is what they're saying. I could begin to date the ex-wife of a police officer. And that police officer could tell me and could tell the district court judge, I'm going to stop you every day and I'm going to mess with you until you stop dating my ex-wife. And he could follow me around town every day until I made some infraction, which I'm going to do. Nobody can drive perfectly. Nobody can do everything perfectly. And by this standard that they want this court to follow, that officer could come into the district court and say, yes, sir, or yes, ma'am. I don't like it that he's dating my ex-wife. And I followed him around and I waited until he made an infraction. And I stopped him every day until he stopped dating her. And as long as I went and said, well, yeah, I did have a crack dealer, I did roll through a stop sign, that officer has immunity by their argument. I don't know how it is on the 27th floor here in this building, but in real life that's fairly egregious. And that's what we're up against down there in this case and in other cases. That's setting a very low bar for our police officers, a very low standard indeed. This chief knew what he was doing. He admits that he was upset with Officer Williams for political reasons. And he maliciously went, months after Officer Williams resigned his employment with the city and had another job, a federal job, protecting a federal courthouse, went to the magistrate judge and presented less than all the facts, significantly less than all the facts, got a warrant, caused Mr. Williams to be arrested and spend the night in jail. And it was a malicious act. There is evidence to support it, and a jury should get to decide. I mean, we're not asking you for judgment today. We're just asking you to take this in front of the jury. A jury should decide these facts and decide whether this officer was acting maliciously. Just based on what was in front of the magistrate, if the magistrate had known the whole story, the magistrate would have thought like the prosecutor and would have not pursued these charges. That's what I believe. That's what a jury's going to believe. Is there any argument in the district court about whether if there's qualified immunity on the Fourth Amendment claim, supplemental jurisdiction should be surrendered? I didn't hear anything like that, Your Honor. I assumed we were here only on the qualified immunity issue today. No, no. I'm talking about now if what. I ask that question because it seems to me, it comes to my mind that you've got four state law claims. They're all in the case. They are the appropriate body of law to resolve this very local, genuine dispute. By affirming qualified immunity, we put the dispute in the hands of the body of law where it belongs. What's wrong with that thought process? Well, because it fits the purpose of the qualified immunity doctrine. It's not that granting qualified immunity gives him a free ride. It just takes federal law out of it. It takes the U.S. Constitution out of a very local dispute. So you're saying that we would still have a remedy in state court? Well, not well. No, you'd still have the supplemental jurisdiction, assuming Judge Baker, who has now spent some time on these claims, carried on. In either case, you have viable state claims to try. If you affirmed the qualified immunity based on there not being any probable cause, then I think we'd be dead in the water, wouldn't we? Why? On the other case, because they all turn on probable causes. Wait, wait, wait. Qualified immunity is arguable probable cause. It does nothing to preclude your state law claims. Well, in state law, I assume arguable probable cause also will be their argument. All of these cases turn on whether it, I mean, unfortunately, I think I have to agree that if an impartial magistrate was aware of all the facts and looked at all the facts and decided that there was probable cause, I'm probably done, right? But that's going to be the same argument for the federal claims as it is for the state claims. We're saying it didn't happen that way. This chief went in front of an impartial magistrate, who's a very good judge, and lied by omission. And we think the district court called this right. In page 15 of her opinion, the district court, Judd, said, quotes this Messerschmitt case, says an exception exists where it is obvious that no reasonably competent officer would have concluded that a warrant should issue. And I think that's really the crux here. Would a reasonably competent officer who was present, he admits he was present for the hearing, he stood there and he listened to the representatives of Alexander say, there's no wrongdoing here. We represent the victims and there's no wrongdoing. And the mayor documented that in a letter to Mr. Williams. That's part of the record. Can that officer reasonably conclude, well, a crime has been committed here and we can take this and win it in a criminal court? And I submit that he would not. This is a malicious action. You know, we didn't appeal this city yet. Now, I understand the municipal liability side of it. But this officer needs to be tried in front of a jury. And Mr. Williams be allowed to take his claims in front of a jury to decide these facts. Because if the facts are as the jury could believe they are, then this officer, this police chief, went and lied by omission to this magistrate and caused my client to be arrested and caused him harm. And we rest on the district court's opinion and we hope that you affirm it. Very well. Mr. Wilkerson. Just looking at it, you made a good point about that one year and I thought, uh-oh. But then I looked in the affidavit and that was in the affidavit too. The fact that he lost the check, they cashed it a year later, was on the affidavit. So only two things that were left out of this affidavit were the alleged exoneration, which was not, as I mentioned, was not quite what that was, and the repayment. And the issue about both of those is from a qualified immunity standpoint. The district judge is correct that it's clearly established you can't be arrested without probable cause. No doubt about it. But that's not the issue here. The question is, would an officer know that not including Williams' repayment and the city council's consideration that it was a done deal in an affidavit, violate a clearly established right? There's no case law that says an excuse needs to be relied upon, nor is there a case law that says the excuse needs to be included, yet it was. There's no case law that says the repayment of the money needs to be included in the affidavit, and there's no case law that says that any exoneration, as misrepresented as it has been, needs to be included in the affidavit. There's no case law saying that Chief Walters had to do what Mr. Williams now says he had to do. As far as Mr. Koch's hypothetical, riding around town being told by a police officer, I'm going to get you every chance I get, the subjective intent of the police officer is irrelevant. That's well established. The only question is objectivity. So considering that there's no case law that Mr. Walters needs to include this information, considering the fact that you admitted the bad motive is relevant to omitted facts in a warrant affidavit, it's the first element of the two elements. Yes, but your subjective motive irrelevant, that's talking about arrest and carry stop type situation. Well, I just was responding to his hypothetical. Yes, you're right. It's the first element. I'm not conceding it, obviously, but I can't really say that it didn't happen because you're not a jury. But the issue is that the evidence that was left out would not have negated probable cause. Thank you, Your Honor. Very well. The case is submitted. We will take it under consideration.